## FERDINAND VAN DERVEER *v.* JOHN SUTPHIN.

In a suit for defamation, evidence of actionable words, or distinct libels, not declared on, is competent to show the *quo animo ;* but they cannot be made the foundation for a recovery of damages for any injury done by *such words* or *libels ;* and so far as they can affect the damages, it is solely by showing the *degree of the malice* in the publication of the words or libel declared on.

Under the plea of the general issue in an action for a libel, it is competent for the defendant, with a view of mitigating damages, to give evidence of a general or common report in circulation prior to the publication complained of, that the plaintiff was guilty of the charge imputed to him ; but such evidence is only competent to rebut the presumption of malice, and not by way of affecting or attacking the character of the plaintiff.

Under the plea of the general issue in such action, evidence of particular facts or circumstances calculated to have induced mistake, or to have misled the party in the publication of the slander, is competent in mitigation of damages by way of rebutting the presumption of malice, and that, too, whether the evidence tended to prove the truth of the charge or not.

A notice that the defendant will prove the truth of the libelous charge in justification, must contain all the substantial averments of a special plea ; and where the libel declared on contains multiplicity of matter, general averments in the plea of the truth of the publication, in order to avoid prolixity of pleading, are not admissible ; but the particular acts done, which the

defendant relies on as constituting the charge, must be set out, so that the court may determine whether the facts warranted the charge.

A plea or notice of justification must aver the truth of the material and substantial charges, or of each substantial and libelous charge, in language as broad as the charge in its full and legal sense; and although where there are separate and distinct charges in the same libel, it is allowable in the same plea or notice, to plead the general issue as to a part, and justify as to the other charges, yet it is essential that a plea or notice should substantially answer the whole count or ground of action declared on.

In error to the Common Pleas of Montgomery county.

In 1850, Sutphin instituted an action on the case against Van Derveer, in the common pleas of Butler county, for a libel; to which the defendant pleaded the general issue, and filed sundry notices in justification. Upon the trial in Butler county, the jury failed to agree. Afterwards the venue was changed, and the cause removed to Montgomery county, where, in December, 1852, the cause was again tried, and a verdict rendered in favor of the plaintiff, in the sum of eight hundred dollars, on which, after the hearing and overruling a motion for a new trial, judgment was entered. To reverse this judgment, the proceeding in error now before the court, was instituted.

The libel declared on is set out in the first count of the declaration as follows : " The course of superintendent Sutphin (meaning him the said plaintiff) has become so notorious for depravity, recklessness and peculation, that whiggery, almost to a man, is found signing petitions for his immediate removal. Rumor says that it has been an every-day occurrence in the business arrangements of this officer (meaning him the said plaintiff), by false and duplicate receipts, to obtain large sums of money from the State treasury for the ostensible purpose of paying laborers, but in fact for private use."

The second count avers that the defendant composed and published the libel in the Hamilton Telegraph newspaper, of which defendant was editor, and that said publication was made " of and concerning plaintiff as superintendent on the Miami Canal, duly appointed, and as such then and there acting as aforesaid."

The third count avers that the plaintiff was a superintendent

on the Miami Canal, duly appointed by the board of public works, etc.

On the trial, several bills of exceptions were taken by the defendant below to the rulings of the common pleas, fully embodying the facts, which are sufficiently stated in the opinion of the court to give the grounds upon which the questions made in the case were decided on error.

*Woods, Clark, Smith, Vallandigham,* and *Millikin,* for plaintiff in error.

*Scott, Haynes, Walker, Vance,* and *Howard,* for defendant in error.

BARTLEY, J. The record in this case shows that the libelous charges against the plaintiff in error were presented on the trial, in the common pleas, under circumstances of some aggravation. And the attempts in justification, as well as those in mitigation, on the part of the defense, all tended still further to wound the character of the defendant in error, and therefore, to be available in law, should have been well pleaded, and clearly founded in fact. Numerous errors are assigned upon the rulings of the common pleas, on the trial of the cause.

1st. It is insisted, that the court erred in permitting the defendant in error to give in evidence several extracts, taken from the newspaper published by the plaintiff in error, being separate and independent libels, not declared on, but offered for the purpose of proving express malice or showing the *quo animo.*

The question here presented was distinctly decided in the case of *Stearns* v. *Cox,* 17 Ohio Rep. 590, against the plaintiff in error. And this case of *Stearns* v. *Cox* overrules the obiter opinion expressed by the judge delivering the opinion of the court, in the case of *Fisher* v. *Patterson,* 14 Ohio Rep. 418.

True it is, that the adjudications in England and in this country, touching the competency of evidence of words actionable, or distinct libels, not declared on, have not been entirely consistent; and various qualifications of the rule have been insisted on. That which has led to this conflict of decision, and the attempted qual-

ifications of the rule, has arisen from the supposed difficulty of preventing two recoveries for the same wrong. Upon principle, nothing can be clearer than the competency of such evidence. The gist of the action for libel or slander is the malice, or intention of the defendant to injure or destroy the character of the plaintiff. And, although the malicious intention is implied or inferred by the law, from actionable words; yet the degree of malice, or extent of the defendant's disposition to injure the plaintiff's character, cannot always fully appear from the words declared on themselves, and therefore it is, that, in this kind of a case, as well as others, resort is had to the conduct and conversation of the party, to prove intention, knowledge, and disposition. In the case before us, it appears that although the language declared on was libelous, the defendant below insisted that he made the charge in the laudable discharge of his duty as the publisher of a newspaper, and from a disposition to advance the public interests. It was therefore proper, although not essential to the action, that the plaintiff should show express malice on the part of the defendant. Actionable words, or distinct libels, not declared on, when introduced to show the *quo animo*, cannot be made the foundation of a recovery of damages for any injury which the plaintiff may have sustained in his character by those words or libels; and, so far as they can affect the damages, or amount of the plaintiff's recovery, it is by showing the degree of the malice, or extent of the malicious intent of the defendant in the publication declared on. For this purpose, and to this extent only, is such evidence competent. And so far, it is highly proper, and does not allow the party two recoveries for the same injury. It is rare, indeed, where there is a suitable recovery in one action, that a party resorts to a second action to vindicate his character for words spoken before the trial of the first case. And in the event of a second action, the recovery could be only for the injury done by the words declared on; and, so far as' exemplary damages could be claimed, in the second action, the amount of the recovery in the first action would inevitably have its effect on the consideration of the jury.

The qualifications of the rule, that words actionable, or distinct

libels, not declared on, but introduced to show the *quo animo*, should be limited to publications made after suit brought, or more than a year before suit brought, or to cases where there is ambiguity in the language, and doubt as to the malicious intent, have been wholly discarded in Ohio. There was no error, therefore, in the ruling of the common pleas on this point.

2d. It is further insisted, that the common pleas erred in refusing to require the plaintiff below, in reading to the jury one of the libels offered by way of showing the *quo animo*, consisting of the editorial remarks of the defendant below, to read an additional article, published in connection therewith, consisting of a corroborating extract from the Ohio Statesman, another newspaper. This additional article, the reading of which was asked, in no wise tended to explain the libelous meaning or intention of the article read by the plaintiff below; on the contrary, its only tendency was to give point and weight to the matter already offered in evidence against the defendant below, and which, if it could not be justified, would have tended to aggravate the libelous charge. The plaintiff in error, therefore, cannot complain that the common pleas did not require the defendant in error to make out, on the trial in the court below, a more aggravated case against him than that which was offered in evidence.

3d. It is alleged that the common pleas erred in permitting parol evidence, to show, not only that Sutphin had been acting as the superintendent on the Miami Canal, but also that he had been appointed to that office by the board of public works. The record evidence of Sutphin's appointment was certainly not requisite in this case, wherein the plaintiff in error had admitted and charged upon the record, by his pleadings, that Sutphin was such superintendent on the Miami Canal.

4th. The fourth ground of error insisted on, is, that the common pleas ruled out certain items of evidence tending to prove the truth of the publications, on the ground of insufficiency in the notices of justification.

A notice that the defendant will prove the truth of the libelous charge in justification, must contain all the substantial averments of a special plea; and where the libel declared on contains multi-

plicity of matter, general averments of the truth of the publication, in order to avoid prolixity of pleading, are not admissible ; but the particular acts done, which the defendant relies on as constituting the charge, must be set out, so that the court may determine whether the facts warranted the charge. And a plea or notice of justification must aver the truth of the material and substantial charges, or of each substantial and libelous charge, in language as broad as the charge, in its full and legal sense ; and although, where there are separate and distinct charges in the same libel, it is allowable in the same plea or notice, to plead the general issue as to a part, and justify as to the other charges, yet it is essential that a plea or notice should substantially answer the whole count or ground of action declared on.

Upon this view of the requisites in pleading such a defense, the notices of justification, under which the plaintiff in error offered this evidence, were fatally defective, and therefore the common pleas ruled correctly in this regard.

5th. On the trial in the common pleas, the defendant, for the purpose of rebutting malice, and in mitigation of damages, offered to prove, under the general issue, that, prior to the publication declared on, and at the time thereof, there were in existence, and *in general circulation,* of and concerning the plaintiff, common reports of the truth of various matters alleged to be libelous in the publication given in evidence on the part of the plaintiff. This evidence was, however, on objection, excluded by the common pleas ; and to this ruling exception was taken, and as to it error is assigned.

Under the plea of the general issue, in an action for a libel, it is competent for the defendant, with a view of mitigating damages, to give evidence of a general or common report in circulation in the neighborhood where the plaintiff is living, prior to the publication complained of, that the plaintiff was guilty of the charge imputed to him. If a slanderous report so far gains credence or belief as to be relied on as a general or common report in the neighborhood where a man is living, at the time, it affects his character, and is calculated to mislead persons not having a personal knowledge of the facts. Evidence of such reports, however,

Van Derveer *v.* Sutphin.

is only competent to rebut the presumption of malice, and not to affect the right to the recovery of compensatory damages, or by way of attacking the general character of the plaintiff.

In excluding this evidence, therefore, the common pleas erred.

6. The last ground of error relied on is, that the defendant, on the trial in the common pleas, offered to prove, under the general issue, in order to rebut the presumption of express malice, in mitigation of damages, facts and circumstances which came to his knowledge prior to the publication, tending to prove the truth of the charges contained in the libel declared on ; but the common pleas excluded the evidence as incompetent.

It has been long and well settled that in an action for slander or libel, under the plea of the general issue, evidence of particular facts or circumstances calculated to have induced mistake, or to have misled the party in the publication of the slander, is competent in mitigation of damages by way of rebutting the presumption of malice, or proof of express malice. But this rule has been subject to the two following material qualifications, which do not appear to be well founded in reason, or to tend to the purposes of justice : 1st, That such evidence is incompetent, if it *tend* to prove the truth of the slanderous charge ; and 2d, That it is incompetent if *it establish the truth of the charge*, or in other words, *unless it fall short of proving the truth of the charge.*

Malice is presumed from the falsity of the charge, and to this the plaintiff is allowed to superadd proof of express malice, and thus aggravate the damages. It would seem just to allow the defendant to meet the plaintiff's case, on the question of damages, by proof repelling the presumption of malice, or proof of positive malice. But of course facts and circumstances calculated to mislead him into the belief of the charge, must be such as would have some tendency to prove it to be true ; and the exclusion of such evidence precludes the defendant from the most essential means of rebutting the proof of malice in mitigation of damages. This amounts to nothing less than a sacrifice of justice, for the sake of a mere rule of pleading. Upon this subject, Mr. Justice

Selden, in the case of *Bush* v. *Prosser*, 1 Kernan's Rep. 362, says:

" The rule is merely an unforseen consequence of that which excluded proof of *the truth of the charge* under the general issue in mitigation of damages ; a rule which originated with the case of *Underwood* v. *Parks*, (2 Strange's R. 1200.) The courts have implicitly followed that case, without even seeming to consider that the rule it laid down was not only a departure from the principles of the common law, and a pure piece of judicial legislation, but that in its consequences, it must necessarily deprive defendants of all power to mitigate the verdict. Prior to that case, defendants in this class of actions were permitted to prove not only the absence of malice, but *the truth of the charge itself* in mitigation. This is shown by the case of *Smithies* v. *Harrison*, (1 Lord Ray. 727.) The reception of this evidence was in perfect accordance with the principles of law. Courts have sometimes, in their speculations on this subject, seemed to suppose that there was some inherent legal objection to proving, *in mitigation merely*, that which might amount to *a justification;* and have applied the rule which excludes proof of the truth of the charge in mitigation, as though that were its foundation. This, however, is an obvious error. It was never any objection to evidence in mitigation, that under a different state of the pleadings it would amount to a full defense. The rule in *Underwood* v. *Parks* was not put on any such ground. That was an action for slander. The defendant, under the plea of not guilty, offered to prove the words to be true, in mitigation of damages. The Chief Justice refused to permit it, saying, that ' At a meeting of all the judges upon a case that arose in the common pleas, a large majority of them *had determined not to allow it for the future*, but that it should be pleaded, whereby the plaintiff *might be prepared* to defend himself, as well as to prove the speaking of the words.' The very terms here used, show that this was the introduction of a new doctrine by the common consent of the judges. It is clear from the reason given, that the intrinsic *propriety* or *impropriety* of the evidence had nothing to do with the adoption of this rule. It was a rule of pleading merely, having no other

Van Derveer *v.* Sutphin.

object than to prevent plaintiff's from being taken by surprise upon the trial, by evidence of the truth of the charge.  It was not designed to deprive defendants of the benefit of such evidence, or any evidence ; but simply to secure due notice to the plaintiff of what he would be required to meet.  This was all very well in cases where the defendant was prepared to justify, which cases alone the judges had in view in adopting the rule. But when the doctrine came to be applied to cases where all the defendant could, or desired to do, was to mitigate the damages by showing the absence of malice, it operated unjustly.  It took away the right altogether, since the rules of pleading did not allow anything short of a complete defense to be spread upon the record.  The whole difficulty would have been obviated, if the judges had simply added to this rule a clause permitting defendants to give, with the general issue, a notice of the facts intended to be proven in mitigation of damages.  It would have been no greater stretch of power to have done this, than was required to prescribe the rule itself.  But they evidently failed to foresee the conflict which must necessarily arise between the *conceded right* of the defendant to mitigate the damages by showing the absence of malice, and *the rule* they adopted ; a conflict which can be clearly traced from that day to the present.  The *right* and the *rule* were directly repugnant to each other ; and no question has ever given rise to a more protracted struggle."

" The courts of England, under a sense of the admitted right, have in a number of cases, decided that facts and circumstances *falling short of proving,* although tending to prove the truth of the charge, might be received in mitigation.  (*Knobell* v. *Fuller,* Norris's Peake, Append. 32 ; *Leicester* v. *Walter,* 2 Camp. 251.)  But the courts in this State and in Massachusetts, with less justice but better logic, have uniformly held that a rule which excluded proof of the truth of the charge, *must necessarily* exclude evidence *tending* to prove it.  But it is a little surprising to observe how often judges have asserted in the same paragraph, both the *right* to mitigate by disproving malice, and the *rule* which effectually precluded the exercise of the right, without any apparent consciousness of the conflict between the two."

To these views of Mr. Justice Selden, may be added the language of Chief Justice Church on this subject, in *Williams* v. *Miner*, 18 Conn. Rep. 464 : " We are not satisfied that a defendant should be deprived of the benefit of mitigating circumstances, for no better reason than that they conduce to prove the truth of the charge, while they fall short of it. We see no sufficient cause why he should not be permitted to prove such facts as well as any other, showing innocency of motive, and which can only be proved under the general issue."

It has been said that a defendant could avoid the difficulty of this rule, by putting in a plea of justification, and thus introducing his evidence, which, although it might not fully support the plea, would be considered by the jury in mitigation of damages. This would, however, introduce a fallacious principle in pleading. And besides the plea of one defense as a sham to enable the party to give evidence of another and different defense, it would subject the defendant to all the consequences of a repetition of the slander, which would perpetuate the charge upon the public records without proper and justifiable cause. A plea of the truth of the slanderous charge, when made in good faith, if unsustained by the evidence, always tends to aggravate the case and increase the damages. And when the truth of the charge is plead, and spread upon the record wantonly, or unnecessarily and improperly, it entitles the plaintiff to what would amount to exemplary damages according to the circumstances of the case. When, therefore, a party has made the charge under an honest but mistaken belief of its truth, induced by circumstances which came to his knowledge tending to show it to be true, it would be a denial of justice to compel him to incur the consequences of a plea of justification in order to introduce evidence which, although it might not sustain a plea of justification to the satisfaction of the jury, would greatly tend to mitigate the damages by repeling the presumption of malice.

The reason assigned for the rule that the plaintiff must be notified by a plea of justification, before a defendant can introduce evidence tending to prove the truth of the charge, may be sufficient where the truth of the charge is relied on as *a bar* to the

Van Derveer *v.* Sutphin.

action ; but it is wholly unsatisfactory and insufficient to justify a denial of justice, where the purpose of the evidence is to mitigate the damages by disproving malice. The party who instifutes an action for slander or libel, always informs himself of the means of the defendant to establish the truth of the charge. In the absence of a plea of justification, evidence tending to prove the truth of the charge, offered for the purpose of repelling proof of malice, even if it went so far as to prove the truth of the charge to the entire satisfaction of the jury, could not prevent the plaintiff from recovering damages to some amount. No plea or notice of matter in mitigation is requisite ; and this circumstance ought not to effectuate a denial of justice, when the evidence in mitigation, by way of repelling the proof of malice, tends to prove the truth of the charge.

Judgment of the common pleas reversed, and cause remanded for further proceedings.

BRINKERHOFF, J. As to the conclusions of the court in respect to the assignment of error last considered in the above opinion, he doubted. He inclined to the opinion that at common law such evidence was not admissible, unless the particular facts proposed to be proved were alluded to in the slanderous or libelous words declared on.

---

NOTE.—The Judge delivering the opinion of the court in this case directs the Reporter to state that the case of *Reynolds* v. *Tucker and Wife*, in 6 Ohio St. Rep., which was reported before the opinion in this case had been published, was not designed to change or qualify the rule laid down in this case ; and also that the syllabus in this case distinctly announcing the principle here settled, was before the court at the time of the decision in the case of *Reynolds* v. *Tucker*, and that that case was not intended to be at variance with this.