Day, J.
The first question presented by the record, is-whether the death of the plaintiff in an action for slander pending the suit abates the action. At common law the action dies with the person. Ireland v. Champneys, 4 Taunt. 884; Long v. Hitchcoch, 3 Ohio, 275. But material modifications of the rules of the common law relating to the abatement of actions have been made by the statute in this State.
The 39th section of the code provides that an action does not abate by the death of a party if the cause of action survive. Subsequently in the code title twelve is devoted to-the subject of “causes of actions which survive, and abatement of actions.” It contains but two sections. One (sec- *542 398) provides what causes of action shall survive in addition to those that survive at common law. All such actions, it would seem, viewed in the light of the 39th section, do not abate by the death of either party. But the other section of that title (sec. 399) provides that “No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault or assault and battery, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant.”
This section does not enlarge the number of causes of action which survive where no action has been commenced. But if the action is pending, for whatever cause it, prevents its abatement by the death of either party, unless it be an action for one of the causes enumerated in the section, and as to them it does not abate, except by the death of the defendant. It seems to have been the purpose of the section to provide that the defendant in no case whatever should gain a case by the death of his adversary, although if the plaintiff’s case be one of those enumerated he may be defeated by the death of the defendant.
It is urged that the word “which” in the last clause relates to that immediately preceding, and embraces only an action against a justice of the peace, and that the other actions enumerated abate on the death of either party. But it seems to us, if that was the legislative intent, it would have been expressed in terms more appropriate for that purpose. We think a different purpose is too clearly evinced to admit of the strained construction claimed. The word “which” in the last clause too plainly relates to the word “action’ preceding the causes of action enumerated, and embraces them all in the same category. Speculations as to the reasons for the enactment will afford us little aid, for we shall encounter as many difficulties upon the construction claimed as upon the other. Whatever may have been the reasons that induced the enactment of the 399th section of the code, we regard it conclusive of the question that an action for *543 slander does not abate by the death of the plaintiff while the action is pending.
Did the court err in refusing to charge the jury as requested by the defendant ?
The first proposition requested to be given, was, in substance, that no recovery could be had but for a single utterance of the words charged in the petition, and that the damages therefor could not be increased by reason of speaking the words at other times. The petition alleges, that the slan derous words were spoken on the fifth day of April, 1865, and at other times between that date and the commencement of the suit, on the thirty-first day of October following. No motion was made, as authorized by the statute, to make the petition more specific and definite, nor to state separately the causes of action. On the trial, evidence was introduced, without objection, to prove the speaking of the word.-charged on the fifth day of April, and at various other times afterwards before the commencement of the action. ' Eacl of these utterances were relied upon as a ground of recovery, as much as if they had been separately stated, as distinct causes of action, and a future action thereon was as effectually barred thereby as if they had been stated and numbered as separate causes of action. The court could not, therefore, exclude all the slanderous language charged except that uttered at one time, as a ground of recovery, or for the purpose of enhancing the amount of the damages, as requested by the defendant.
The proposition embraced in the second charge requested, was, in substance, that a physician, called to examine the ailment of an unmarried female patient, who, on examination believes her to be pregnant, and the symptoms are such as to reasonably induce that belief, is not liable in damages for giving it as his opinion that she is pregnant. This proposition was too general. It omitted the material qualification, that the opinion must be given to a person who is reasonably and properly entitled to it, in the ordinary coursé of his professional business. A physician is no more protected from liability for his slanderous statements, on the *544 ground merely that he believes them to be 'true, than other persons. Indeed, the fact of his being a physician, in cases-of this kind, should rather be a ground of caution than of license in the expression of his opinions, except under such circumstances that they may be regarded what are termed privileged communications. They cannot be regarded as-such, unless made in good faith, and the “ relation between the parties by whom and to whom the communication is-made is such as to render it reasonable and proper that the information should be given.” [Per Selden, J. in Lewis v. Chapman, 16 N. Y. 874.] There was, then, no error in refusing to charge as requested.
It is urged that the court erred in the charge to the jury in regard to the evidence of a repetition of the words charged in the petition after the commencement of the action. It is-clear from the charge, as viewed by a majority of the court, that the court excluded all such evidence as a ground or foundation of recovery in the case. The court told the jury that they could look to that evidence “ only as bearing olithe question of malice and the degree of damages.” It is-regarded as apparent from the connection in which this-clause is used, that they relate only to the question of malice as bearing upon the words charged in the petition, and that the damages would be affected only as this evidence affected the degree of malice which prompted their •utterance ; and it is thought that the jury could not have-been misled by this part of the charge so as to give damages for the slanderous words spoken after suit brought, or to give them any effect as to damages further than they affected the degree of malice in the utterance of the words-that were the ground of the action or recovery. Although the charge is not so full and clear on this point as to relieve-it of all doubt, still it is not regarded, by a majority of the court, to be manifestly erroneous. On this point I differ with my brethren. I think this part of the charge, without qualification or limitation, taken in connection with the very broad- and general charge on the subject of damages, was mislo-tding, and left the jury to infer that the damages might be- *545 enhanced by reason of the actionable words proved to have been spoken after the action was commenced. I content myself, however, with a reference to the following authorities. Letton v. Young, 2 Met. (Ky.) 558 ; Scott v. McKinnish, 15 Ala. 662; Fisher v. Patterson, 14 Ohio, 418; Stearns v. Cox, 17 Ohio, 590 ; Van Derveer v. Sutphin, 5 Ohio St. 293 ; and Greenl. Ev. sec. 418.
It does not appear from the record that any evidence was given to show that the words charged to have been spoken were true, nor tending to show that they were only expressions of professional opinion to persons properly entitled thereto ; the charge, therefore, upon the implication of malice from the falsity of the words, and the evidence rebutting malice and in mitigation of damages, though meagre, is not erroneous, and, in the absence of any request for a more full and explicit charge on these points, will not justify a reversal of the judgment.
It is urged that the court erred in charging the jury that, “in estimating the damages you also have a right to take into consideration the standing of the parties, and the pecuniary ability of the defendant to respond.” The objection is made to the last clause relating to the pecuniary ability of the defendant.
Upon the question here made, the authorities are conflicting. The language used by the court is substantially that of the judge in charging the jury in Stevens v. Handley, (Wright’s Rep. 121) ; and perhaps the charge is sustained by the weight of authority. Bennett v. Hyde, 6 Conn. 24 ; Case v Marks, 20 Conn. 248 ; Adcock v. Marsh, 8 Ired. 360 ; Karney v. Paisley, 13 Iowa, 89 ; Humphries v. Parker, 52 Maine, 502 ; Hosley v. Brooks, 20 Ill. 115 ; Lewis v. Chapman, 19 Barb. 252 ; Fry v. Bennett, 4 Duer, 247. But much doubt is cast upon the correctness of the proposition assumed, by the following cases : Myers v. Malcolm, 6 Hill, 292; Palmer v. Haskins, 28 Barb. 90; Ware v. Curtledge, 24 Ala. 622 ; Morris v. Barker, 4 Harrington, 520. The true rule may be that the pecuniary condition of the defendant may be considered for the purpose of showing his standing in the *546 community, to enable the jury to determine how much the plaintiff has been injured, rather than the defendant’s ability to respond in damages.
But we do not feel called upon to determine the question in this case, 'for there is nothing in the record to show that the defendant was prejudiced by the charge given. It may have been in his favor for aught that appears, on account of his poverty. At most, so far as shown by the record, it was a mere abstract proposition, having no bearing on the case, and therefore affords no sufficient ground for the reversal of the judgment.
It is also claimed that the court erred in proceeding to trial without disposing of the demurrer to the second defence. But after that demurrer was filed the defendant took leave to amend, and filed an amended answer as to that defence, which was not demurred to by the plaintiff. Everything that was available to the defendant under the first answer was eqally so under the amended answer. The defendant lost nothing by the demurrer being undisposed of. His amended answer rendered it unnecessary.
On the whole case, a majority of the court are constrained to hold, that there is no error apparent on the record before us» It follows that the judgments of the courts below must be affirmed.
Welch, C. J., and White, McIlvaine and West, JJ., (concurred in the judgment of affirmance.