## MARY S. WALKER *vs.* HENRY P. FLYNN.

Essex. Nov. 3, 1880. — Jan. 15, 1881. AMES & ENDICOTT, JJ., absent.

In an action for slander, evidence that the plaintiff told a witness that the defendant was a thief and a liar, and that the witness communicated what the plaintiff said to the defendant "at the time the words declared on were spoken," is admissible as part of the *res gestæ.*

TORT for slander in accusing the plaintiff of the crimes of larceny and embezzlement. At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the exclusion of certain evidence, which appears in the opinion.

*E. J. Sherman & C. U. Bell*, for the defendant.

*D. Saunders & C. G. Saunders*, for the plaintiff.

MORTON, J. To prove the slander charged, the plaintiff called one Blake as a witness, who testified to the utterance by the defendant of the defamatory words concerning the plaintiff

alleged in the declaration. In cross-examination, the defendant's counsel asked him if the plaintiff had not called the defendant a thief and a liar, and if he, Blake, did not communicate what the plaintiff said to the defendant at the time the words declared on were spoken. These questions were excluded by the court.

In an action of slander, it is competent for the defendant, in mitigation of damages, to put in evidence of any recent provocation under the influence of which the alleged defamatory words were spoken. *Child* v. *Homer*, 13 Pick. 503. *Sheffill* v. *Van Deusen*, 15 Gray, 485.

If the plaintiff had accused the defendant of being a thief, and he had retorted that she was a thief, there is no doubt that, in an action against him for the words, he could put in the provocation by her. The rule is the same when the slanderous words are uttered by the defendant under the excitement produced by the communication to him by a third person of the fact that the plaintiff has slandered him, because the reason for the rule is the same. Such a communication would be quite as likely to excite the feelings of the defendant as the same words spoken to him by the plaintiff, and his defamatory words would not produce the same impression and effect upon the hearer as the same words would if spoken deliberately and in cool blood. The provocation would tend to lessen the injury to the plaintiff. If the communication was made by Blake to the defendant before the speaking of the slanderous words, it was therefore competent as showing provocation.

But we think it was admissible upon somewhat broader grounds, which make it competent though made by Blake after the slander was uttered by the defendant. The offer was to show what Blake communicated " at the time the words declared on were spoken." This means immediately before or immediately after the words were spoken, and thus the communication was a part of the *res gestæ*. The defendant had the right to put in evidence the whole of the conversation. The part which followed as well as the part which preceded the slanderous words would tend to illustrate their character and the intent and spirit with which they were used. The plaintiff could not select merely the slanderous words relied on, and exclude the other parts of the conversation, which might

be explanatory of them. The offer of the defendant, however construed, was not an offer to show merely that the plaintiff had slandered him at another time and place, but to put in evidence the circumstances and conversation accompanying the utterance of the defamatory words. We think those were admissible as a part of the *res gestæ.* *Exceptions sustained.*