GEORGE H. DUPEE *vs.* FRANK LENTINE.

Suffolk. November 14, 1888. — November 15, 1888.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Assault and Battery — Evidence of Provocation.*

In an action for an assault, the defendant admitted the assault, but offered evidence to show that his wife had been insulted by the plaintiff several hours before, and that he had just learned that fact at the time of the assault. *Held,* that the evidence was rightly excluded.

TORT for an assault and battery.

At the trial in the Superior Court, before *Mason,* J., the defendant admitted that he committed the assault, on May 12, 1887, at seven o'clock P. M., by striking the plaintiff, and then offered to show that in his absence his wife had been indecently insulted by the plaintiff at four o'clock P. M. on the same day, and that he had been informed of that fact only ten minutes before the assault, which occurred when he met the plaintiff for the first time thereafter. The defendant contended that' this evidence was competent in mitigation of damages, to show his motive in committing the assault and as part of the *res gestæ,* but the judge excluded the evidence.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*D. F. Fitz,* for the defendant.

*F. Ranney,* for the plaintiff.

BY THE COURT. It is the settled rule in this Commonwealth, that, in an action for an assault and battery, previous provocation is not admissible in mitigation of damages. Provocation cannot be shown, unless it is so recent and immediate as to form part of the transaction. In other words, to be admissible, it must be provocation happening at the time of the assault. *Mowry* v. *Smith,* 9 Allen, 67. *Tyson* v. *Booth,* 100 Mass. 258. *Bonino* v. *Caledonio,* 144 Mass. 299.

In the case at bar the court therefore rightly rejected the evidence offered by the defendant to show provocation by the

previous act of the plaintiff in insulting the defendant's wife. It was not a provocation occurring at the time of the assault, and formed no part of the transaction.

*Exceptions overruled.*