## HORACE E. ROTHWELL *vs*. NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Bristol.   October 26, 1915. — April 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Railroad*, Liability for collision at crossing.   *Negligence*, Gross.

At the trial of an action under St. 1906, c. 463, Part II, § 245, for personal injuries caused by a collision at a grade crossing of a railroad with a highway between a train of the defendant and an automobile driven by the plaintiff, where the plaintiff, upon showing that the defendant failed to give the signals required by law, is entitled to recover "unless it is shown that, in addition to a mere want of ordinary care," he "was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury," the presiding judge read to the jury certain passages from the opinion of the court in *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 145, 146, which the defendant had asked him to give as instructions to the jury. These passages related to the exercise of ordinary care by a person operating an automobile at a railroad crossing, and the judge said, "I read you that rule that you may have in your mind some standard of what is ordinary or due care." The judge also said, "And I am going to read to you from a decision of the Chief Justice of our Supreme Court with respect first as to what constitutes due care of the plaintiff under circumstances of this nature, and under circumstances involving the operation of an automobile over a grade crossing, because the law with respect to automobiles is a new one." Upon exceptions by the plaintiff, after a verdict for the defendant, it was *held*, that the language of the judge amounted to giving the instructions requested as rulings of law and that the jury would be warranted in believing that the words read to them measured the standard of the plaintiff's conduct, and consequently the plaintiff's exception to the giving of these instructions was sustained.

CROSBY, J.   This is an action to recover for personal injuries caused by a collision between an automobile operated by the plaintiff upon a highway and a train of the defendant at a crossing of the way by the tracks of the defendant at grade.   The case was submitted to the jury upon the first count of the declaration, founded upon the alleged failure of the defendant to give the signals required by law at railroad crossings.   St. 1906, c. 463, Part II, § 245.   The exceptions relate only to the defendant's eighth and ninth requests.   The record recites: "The defendant requested

the court * to give the following instructions marked 8 and 9 and they were given so far as they are contained in that portion of the charge which follows, but were not read as separate instructions. 8. The jury in considering the plaintiff's duty must consider that an automobile can at a crossing be handled safer than a horse, and that a machine can be controlled easily and quickly, and that there is no danger from it if he stops to look and listen when within six feet of the track.  9. With proper care on the part of the driver, there is no danger in crossing a railroad with an automobile upon an ordinary highway in a country town."   Undoubtedly these requests were framed in view of the language used in the opinion in *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, at pages 145, 146.

The question of the plaintiff's gross negligence before the jury required, first, a statement of the standard of due care; and second, an application of that standard to the conduct of the plaintiff to determine whether it fell so far short of such care as fairly to be described as grossly careless.

What the judge did in reading from the opinion of the court in *Chase* v. *New York Central & Hudson River Railroad* was to instruct them that the excerpt from that opinion was a rule of law as to due care.  This is manifest, from the fact that after reading to the jury from the opinion in that case, the judge said:  "Now, that is not the rule that obtains in this case.  I read you that rule that you may have in your mind some standard of what is ordinary or due care."   In order to assist the jury by way of illustration or

---

* The presiding judge was *Hall*, J.  The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

St. 1906, c. 463, Part II, § 245, is as follows: "If a person is injured in his person or property by collision with the engines or cars of a railroad corporation at a crossing such as is described in section one hundred and forty-seven, and it appears that the corporation neglected to give the signals required by said section, and that such neglect contributed to the injury, the corporation shall be liable for all damages caused by the collision, or to a fine recoverable by indictment as provided in section sixty-three of Part I, or, if the life of a person so injured is lost, to damages recoverable in an action of tort, as provided in said section, unless it is shown that, in addition to a mere want of ordinary care, the person injured or the person who had charge of his person or property was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury."

explanation the presiding judge could properly read to them the opinion in *Chase* v. *New York Central & Hudson River Railroad.*

The language of requests eight and nine, which appears in the opinion above referred to, did not purport to lay down rules of law for the conduct of travellers in passing over railroad tracks at grade with highways in all cases, but was used merely by way of illustration. While the presiding judge did not give these requests as separate instructions, he read that portion of the opinion in *Chase* v. *New York Central & Hudson River Railroad* which included the eighth and ninth requests, stating to the jury, "And I am going to read to you from a decision of the Chief Justice of our Supreme Court with respect first as to what constitutes due care of the plaintiff under circumstances of this nature, and under circumstances involving the operation of an automobile over a grade crossing, because the law with respect to automobiles is a new one."

A majority of the court are of opinion that this amounted to the giving of the requests as rulings of law and that the jury were warranted in believing that the words quoted measured the standard of the plaintiff's conduct.

As the rulings properly could not have been given, the entry must be

*Exceptions sustained.*

The case was argued at the bar in October, 1915, before *Rugg,* C. J., *Loring, Crosby, Pierce, & Carroll,* JJ., and afterwards was submitted on briefs to all the justices.

*J. W. Cummings,* (*C. R. Cummings & J. W. Nugent* with him,) for the plaintiff.

*F. W. Knowlton,* for the defendant.