AUBREY W. BENJAMIN *vs.* JAMES D. McLELLAN.

Suffolk.   November 15, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Evidence, Res gestae,* Relevancy and materiality.  *Damages,* Mitigation.  *Assault and Battery.  Practice, Civil,* Judge's charge.

At the trial of an action of tort for assault and battery, there was evidence tending to show that, just previous to the assault, the defendant was on either the lawn or the sidewalk in front of the plaintiff's house; that the plaintiff's wife was walking along the piazza of the house talking in a loud voice to the defendant; that she could be heard for a distance of one hundred feet; that the plaintiff was approaching the house in an automobile and heard the loud talking, and that his wife called to him, "Put this man off the lawn, he is making a disturbance." Subject to an exception by the plaintiff, the defendant was allowed to testify that, when the plaintiff was within one hundred feet of his wife, she said to the defendant that he was a pauper, did not own a dollar of his property and had a half-starved daughter.  The defendant's evidence further tended to show that the plaintiff struck him and that he struck the plaintiff in self-defence.  *Held,* that the evidence objected to by the plaintiff was admissible, both as a part of the *res gestae,* and also in mitigation of damages.

At the trial of the action above described, the plaintiff's evidence tended to show that, before and at the time of the altercation, the defendant was on the plaintiff's lawn, and the defendant's evidence tended to show that at first he was on the sidewalk in front of the plaintiff's lawn and that he backed upon the lawn when attacked by the plaintiff.  Subject to an exception by the plaintiff, the judge charged the jury in substance that, while the question, whether the defendant was or was not on the plaintiff's lawn, might throw some light on who was telling the truth, they should deal with the question as to whether the blow of the defendant was struck unjustifiably apart from any considerations as to whether he was or was not a trespasser.  *Held,* that the exception could not be sustained.

TORT for assault and battery.   Writ dated June 25, 1917.

In the Superior Court the action was tried before *McLaughlin,* J. The evidence of the plaintiff tended to show that the defendant lived on the same side of a street as the plaintiff and in the next house but one; that on May 18, 1917, at about eight o'clock in the evening, the plaintiff was returning to his home in his automobile with his son and daughter; that when the automobile was drawing up in front of his house, the plaintiff's wife and the defendant were in front of the plaintiff's house, the defendant being on the plaintiff's lawn and talking to the plaintiff's wife; that the plaintiff

heard loud talk; that when the car was in front of his house his wife said to him, "Put this man off the lawn, he is making a disturbance;" that the plaintiff thereupon got out of his automobile, went up on his lawn, walked up to the defendant, and said, "What are you here making trouble for?" that the defendant did not answer; that the plaintiff said, "Go home out of here;" that the defendant thereupon pulled on the plaintiff's coat; that the plaintiff said, "Keep your hand off me;" that thereupon the defendant struck the plaintiff a staggering blow in the left eye; that the plaintiff's son then intervened and the defendant went home.

The evidence of the defendant tended to show that, when his wife was walking by the plaintiff's house, she called to him and he took her arm and walked with her fifty feet, and, as he returned while passing the plaintiff's house to his own house the wife of the plaintiff followed along the piazza, "threshing her hands violently and talking very loud," and saying to him that he was a pauper, did not own a dollar of his property and had a half-starved daughter; that, while she was speaking to him, the plaintiff, in his automobile, came around the corner and was within one hundred feet when that statement was made; that the talk of the plaintiff's wife could be heard one hundred feet away; that the defendant was making no disturbance; that the automobile stopped while the wife of the plaintiff was talking and that the plaintiff followed the defendant as he was walking toward his own home; that the defendant was on the sidewalk; that the plaintiff approached him rapidly; that the defendant turned around as the plaintiff approached and held up his hand and said, "Allow me to explain;" that the plaintiff said, "Take your hand off me;" that the plaintiff struck the defendant's hand down and struck the defendant a blow on the side of the head; that the defendant backed away on to the grass, and that, after the defendant had warded off other blows of the plaintiff, the defendant struck the plaintiff in the eye; that the plaintiff's son then struck the defendant and the defendant ran home.

A part of the charge to the jury was as follows:

"Something has been said here with reference to the question — something was said in argument, I think, with reference to the place where the defendant was at the time of the happening of this

matter. As I understand it, the plaintiff says that, throughout, this defendant was standing on his, the plaintiff's lawn and property; when the plaintiff arrived the defendant was on the lawn and when this encounter took place, it took place on the lawn. The defendant says that when this affair took place he was on the sidewalk on a public street, on the way to his home, and that he went upon the lawn only as he backed away from the plaintiff. It does not seem to me, gentlemen, that so far as the question of liability is concerned it makes much difference whether he was on the sidewalk or on the lawn. Whether he was on the lawn or on the sidewalk originally before this encounter took place may perhaps throw some light—is one of the circumstances in the case which may perhaps throw some light upon the respective claims of the parties. But you are not dealing here with the question as to whether the defendant did seasonably start to leave those premises when requested to leave the premises. There is no suggestion in the case or no suggestion that would be warranted by the evidence, that the defendant, being on the lawn of the plaintiff, failed to leave when asked to. . . .

"So you are not to be confused by any consideration as to what were the rights of the parties with reference to being on that lawn at that time, or whether at the time this encounter took place the defendant was unlawfully on the plaintiff's property. As I say, the question whether he was there or whether he was on the sidewalk may perhaps throw some light, and it is a circumstance in the case — it may throw some light upon the question as to who is telling the truth and what the facts were in the case. But you will deal with this question as to whether this blow which was struck by the defendant was struck lawfully and justifiably or unlawfully and unjustifiably, apart from any considerations as to whether he was or was not a trespasser. . . .

"Now another word with reference to what I said concerning the question as to whether when this assault took place, when the affair began and ended, the defendant was on the lawn of the plaintiff, or was elsewhere — on the sidewalk, as he says he was. I did not mean to suggest that the question whether he was there might not be important, might not throw some light upon the real issue in the case. I do not mean to suggest for a moment that that should be disregarded. It may be that it will assist you in deter-

mining what the facts were, who is telling the truth, what the state of mind of the defendant was, what the state of mind of both parties was, as you shall decide whether he was on the lawn or on the sidewalk. I merely wish to say, gentlemen, that there is nothing in this case which involves the question as to whether the defendant failed to leave the premises as would have been his duty to leave the premises if requested to leave, and there is no question, as I say, whether he failed seasonably to obey an order to leave his premises. There is no testimony, as I recall it, in the case that the plaintiff had before these blows were struck ordered him to leave the premises. The plaintiff says, as I said, that he asked him why he was making a disturbance. As I say, you will consider and give such weight to that fact as you shall decide — the question whether the defendant was on the lawn or on the sidewalk — as you think it is entitled to. But the question whether the defendant was a trespasser itself does not seem to me to be important except so far as it may throw light upon the question as to whether the defendant was or was not justified in doing what he did."

The jury found for the defendant; and the plaintiff alleged exceptions to certain evidence described in the opinion and "to so much of the charge as dealt with the question as to whether or not the rights of the parties were affected by the fact, if it was a fact, that the alleged assault occurred on the plaintiff's premises."

*A. Leonard*, for the plaintiff.

*J. E. McConnell*, for the defendant.

CROSBY, J. There was evidence that, immediately preceding the alleged assault and while the defendant was in front of the plaintiff's house, the plaintiff's wife was on the piazza and was talking "very loud" to the defendant; that at that time the plaintiff was approaching his house in an automobile and was about one hundred feet away; that the voice of his wife could be heard that distance away. The defendant admitted the assault but contended and offered evidence to show that he acted in self-defence.

In direct examination he was asked: "At the time you were walking down the sidewalk in front of the Benjamin house in the direction of your own home, and as you testified, Mrs. Benjamin was walking along the piazza, when the machine was within one hundred feet of the Benjamin piazza, what did Mrs. Benjamin say

to you?" The question was objected to by the plaintiff and the presiding judge said: "You may ask the witness what was said by her within the hearing of Mr. Benjamin, assuming that he was within hearing when he was one hundred feet away. The witness says it could be heard." The defendant was then asked: "What was said by Mrs. Benjamin to you when her husband was within one hundred feet?" And he answered: "She said that I was a pauper, did not own a dollar of my property and that we had a half-starved daughter." This evidence was admitted subject to the plaintiff's exception. The judge at the time of the admission of this testimony stated to the jury in substance that the testimony was of no significance unless they found that the statement of Mrs. Benjamin was made in the hearing of her husband, and that it was of no importance unless he heard it.

If the plaintiff heard his wife make the statement to the defendant, as testified to by the latter, it was admissible: as the plaintiff and his wife had testified to the conversation which took place with the defendant, the defendant was entitled to show the whole of that conversation including what was said immediately preceding the assault. It was also admissible upon the question whether the defendant was making a disturbance, as Mrs. Benjamin testified, or whether, as he testified, he was walking along the street and that she addressed him in a loud tone, using the language above referred to. It was admissible as part of the *res gestae. Walker* v. *Flynn,* 130 Mass. 151. And if heard by the plaintiff, it was also admissible on another ground: in an action for an assault and battery, evidence may always be introduced to show provocation happening at the time of the assault, in mitigation of damages. *Child* v. *Homer,* 13 Pick. 503, 507. *Mowry* v. *Smith,* 9 Allen, 67. *Tyson* v. *Booth,* 100 Mass. 258. The plaintiff contends that evidence of provocation can be shown by acts or words of the plaintiff only, and that the remark of his wife to the defendant in his hearing could not be admitted for that purpose. That contention is not tenable; such a remark would be quite as likely to excite the feelings and indignation of the defendant as the same words spoken to him by the plaintiff. *Walker* v. *Flynn, supra.*

The plaintiff also excepted to "so much of the charge as dealt with the question as to whether or not the rights of the parties

were affected by the fact, if it was a fact, that the alleged assault occurred on the plaintiff's premises." The judge in his charge did not undertake to state precisely the evidence or all of it; he expressly told the jury that he was attempting to state the substance of the testimony on both sides. This exception cannot be sustained; the rights of the parties were not affected by the question whether the alleged assault occurred on the plaintiff's premises or on the street; the defendant admitted the assault, and the only issue was whether he was justified in striking the plaintiff to protect himself from bodily harm. The instructions given were full and correct, and presented fairly to the jury the issue to be decided.

*Exceptions overruled.*