### CURLEY v. CURTIS PUB. CO.
### No. 1872.

District Court, D. Massachusetts.

Dec. 15, 1942.

Wendell P. Murray, of Boston, Mass., for plaintiff.

John L. Hall, Charles P. Curtis, Jr., and Choate, Hall & Stewart, all of Boston, Mass., for defendant.

WYZANSKI, District Judge.

Plaintiff complains that by reason of the publication of an alleged libel he "has been caused great mental and physical pain and anguish" as well as other damage. The defendant offered to show that plaintiff had exchanged substantially similar charges with other persons on recent occasions prior to the publication now complained of and that as a consequence plaintiff had become relatively impervious. Plaintiff objected on the ground that individual reproaches which he gave to or received from other persons were not provable in mitigation of damages. I have overruled the objection and have admitted general evidence that plaintiff was accustomed to giving and receiving abuse in political campaigns. I have refused proffers of specific details of those prior reproaches on the ground they were remote, prejudicial and difficult to meet without extended inquiry into collateral matters. Cf. Miller v. Curtis, 158 Mass. 127, 131, 32 N.E. 1039, 35 Am.St.Rep. 469. In view of some language in Conroy v. Fall River Herald News Pub. Co., 306 Mass. 488, 490, 28 N.E.2d 729, 132 A.L.R. 927, I shall briefly state the reason for so much of my ruling as admitted the general evidence.

If the jury should find for plaintiff, it would be entitled to include in its appraisal of damages "mental suffering caused by the publication" of the libel. Chesley v. Tompson, 137 Mass. 136, 137. Restatement, Torts, § 623. It is a mistake to assume as is done by Wigmore, Evidence, Rev.Ed.1940, vol. I § 209, p. 704 that "the injury to feelings which the law of defamation recognizes is not the suffering from the making of the charge, but is that suffering which is caused by other people's conduct towards him in consequence of it." Recovery for such mental suffering can be had although no loss of reputation is involved. Marble v. Chapin, 132 Mass. 225. Since recovery may be based exclusively upon the plaintiff's own sensitiveness, the jury may be allowed to consider the degree to which he has been rendered insensitive by giving or receiving abuse. This is so, even though the abuse has in no way affected his general reputation, and even though such specific reproaches are not admissible to show his general reputation. Miller v. Curtis, supra. A juror may reasonably believe that a man's stomach is not easily turned by the sort of reproaches which he familiarly gives and takes.

I do not find my ruling contrary to the law of Massachusetts (which is binding on me under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487). In Conroy's case, 306 Mass. at page 490, 28 N.E.2d at page 730, 132 A.L.R. 927, it is true that Mr. Justice Lummus remarked that "a defamatory attack by the *plaintiff* upon the defendant" cannot be shown in mitigation of damages solely "on the broad ground that one who has defamed the *defendant* at any time in the past does not suffer the same wound to his feelings as one whose conduct has been without reproach. Wigmore, Evidence, (Rev.ed.1940) § 209." That ruling was not addressed to the precise problem here presented, that is, whether when plaintiff claims mental suffering, defendant can show in mitigation of damages that plaintiff has become inured to hard words. Cf. Curtis v. Mussey, 6 Gray, Mass. 261, 273, lines 4, 5. Mr. Justice Lummus' citation of Section 209 of Dean Wigmore's classic treatise cannot be regarded as incorporating it by reference into the law of Massachusetts.