EUGENE COMEAU & another[1] *vs.* ROBERT CURRIER
& another.[2]

No. 92-P-534.

Plymouth. June 10, 1993. - August 5, 1993.

Present: ARMSTRONG. PORADA. & GREENBERG. JJ.

*Practice, Civil,* Instructions to jury. *Assault and Battery. Husband and Wife,* Consortium. *Damages,* Loss of consortium, Mitigation.

At the trial of a tort action claiming damages for an assault and battery committed upon a plaintiff by the defendants, the judge erred in refusing to give a proposed jury instruction that provocation could be considered in mitigation of damages. [111-112]

At any retrial of a wife's loss of consortium claim arising out of an assault and battery committed upon her husband, the jury were not to be instructed that provocation by the husband could be considered in mitigation of her damages. [112-113]

There was no merit to the contentions of the defendants in a tort action that the judge failed properly to instruct the jury that the plaintiff's injuries must be causally related to the defendants' conduct and that the judge gave misleading special questions on that issue to the jury. [113]

Where a retrial of a claim seeking damages for assault and battery was required due to the judge's error in refusing to give a proposed instruction to the jury that provocation could be considered in mitigation of damages, this court concluded that the case should be retried on both issues of liability and damages and, furthermore, that fairness required retrial of a loss of consortium claim arising from the same incident. [113-114]

CIVIL ACTION commenced in the Superior Court Department on April 26, 1989.

The case was tried before *Elizabeth B. Donovan,* J.

*Daniel T.S. Heffernan* for Robert Currier.

_____

[1]Charlene Comeau.

[2]Steven Cruz. Although identified by his attorney as Steven Cruz in this court, the defendant was identified in lower-court pleadings as "Richard Crews."

*C. Bertram Currier* for Steven Cruz.

*Theodore P. Orenstein* for the plaintiffs.

· PORADA, J. The plaintiffs, Eugene Comeau (Eugene) and Charlene Comeau (Charlene), husband and wife, brought a tort action in the Superior Court against the defendants, Robert Currier and Steven Cruz, claiming damages from an assault and battery committed upon Eugene by the defendants. After trial, the jury returned a verdict for the plaintiffs, awarding Eugene $195,300 in damages for the assault and battery and Charlene, $6,200 in damages for loss of consortium. The defendants appeal, claiming that the judge erred in failing to instruct the jury that provocation could be considered in mitigation of damages and in failing properly to instruct the jury on the element of causation. We agree that the defendants were entitled to the instruction on provocation and remand for a new trial.

At trial, the circumstances attending the assault and battery were, of course, disputed by the parties. The plaintiffs' version, as gleaned from the testimony of Eugene and James Bouviard, a supervisor of the Hanover dump site where the assault occurred and a witness to the incident, was as follows. Eugene arrived in his van at a dump site in Hanover where the two defendants along with a third companion, Al Cooper, were already present and in the process of unloading debris from the trailer attached to Currier's Mercedes station wagon. While Eugene was backing his van at a normal speed next to where the defendants were unloading their debris, Currier asked him why he was unwilling to wait until they were through unloading. When Eugene stepped out of the van, he referred to Currier as an "idiot" for punching the side of his van and commented that because Currier owned a Mercedes did not give him the right to punch other people's vehicles. After more words were exchanged, Eugene swore at Currier and proceeded to walk away, whereupon he was struck on the back of the neck by Cruz. When Eugene turned around, Cruz then placed his hands on Eugene's chest and commented that he should nòt talk to Currier that way. Eugene then backed away and proceeded to open the back

doors of his van to discard his trash. After he threw out two bags and as he was reaching for two more, Currier shoved the van door against Eugene's back while yelling out, "You deserve this!"

The defendants' version, as gleaned from their testimony and Cooper's testimony, was as follows. While they were unloading debris from Currier's station wagon and the trailer attached thereto, Eugene pulled into the dump site. They asked Eugene to wait until they were finished before pulling in beside them. Eugene responded by backing up his van at a high rate of speed, almost hitting both Cruz and Currier, each of whom became angry, believing Eugene had endangered them. In moving quickly to get out of the way, Currier slapped his hand on Eugene's van. When Eugene got out of his van, words were exchanged between Currier and Eugene. Eugene called Currier "an idiot" and swore at him. Cruz then approached Eugene, standing very close to him but not touching him, and began to argue with Eugene. Eugene then opened the doors to his van, removed his sunglasses, clenched his fist, and challenged Cruz, by asking him, "What are you going to do about it?" Both men began to scream at each other at which point Currier grabbed Cruz by the arm and pulled him away from Eugene. Cooper then said to Eugene, "Who do you think you are, talking to my friend like that." At this point Eugene swung the back door of his van into Cooper's chest stating, "I don't want to hear any [thing] from you either." In response, Currier admits that he pushed the door back onto Eugene.

At the close of the evidence, the defendant Currier submitted two requests for instructions that provocation could be considered in mitigation of damages. Both defendants also submitted a request for a special question to the jury on this issue. The judge failed to give any such instructions and did not submit a special question to the jury on this issue. At the close of the judge's instructions, the defendants objected to this omission, thus preserving the issue for our review.

While a judge has significant latitude in framing jury instructions, an objection does lie if a significant matter is not

dealt with at all. *Grant* v. *Lewis/Boyle, Inc.*, 408 Mass. 269, 275-276 (1990). In an action for assault and battery, evidence of provocation at the time of the assault, whether by words or conduct, is admissible in mitigation of damages.[3] *Benjamin* v. *McLellan*, 237 Mass. 141, 145 (1921). For the evidence to be admissible, the provocation must be very recent as well as causative of the assault and battery. *Jackson* v. *Old Colony St. Ry. Co.*, 206 Mass. 477, 487 (1910). See also *Conroy* v. *Fall River Herald News Publishing Co.*, 306 Mass. 488, 491 (1940), and cases cited. Here, the testimony of the defendants provided the jury with substantial evidence of coincident and causative provocation. Under the circumstances, the defendants were entitled to an instruction on this issue in mitigation of damages on Eugene's claim and its omission cannot be considered harmless error. G. L. c. 231, § 119. See *Baglio* v. *New York Cent. R.R.*, 344 Mass. 14, 18-19 (1962) (reversal ordered where judge failed to instruct properly on mitigation of damages).

Since the issue is likely to arise upon retrial, even though the parties have not raised it in their briefs, we conclude that, with respect to Charlene's claim, no instruction on provocation should be given. A claim for loss of consortium is a separate and distinct claim independent of the claim of the injured spouse. *Feltch* v. *General Rental Co.*, 383 Mass. 603, 607-608 (1981). *Morgan* v. *Lalumiere*, 22 Mass. App. Ct. 262, 271 (1986). "Generally, misconduct cannot be imputed from one family member to another." *Feltch* v. *General Rental Co.*, *supra* at 608. Accordingly, we have held in negligence actions that a spouse's claim for loss of consortium may not be reduced by the degree of negligence of the other spouse. *Id.* at 608-609. *Morgan* v. *Lalumiere*, *supra* at 271-272. We see no reason why the same principle should not apply to preclude consideration of provocation in mitigation

---

[3]Although we allow consideration of provocation in mitigation of damages, many other jurisdictions do not. See generally Annot., Provocation as Basis for Mitigation of Compensatory Damages in Action for Assault and Battery, 35 A.L.R.4th 947 (1985). The plaintiffs have made no argument that the law should be changed.

of damages when a spouse sues for loss of consortium arising out of an assault and battery committed upon her spouse.

The defendants also contend that the judge failed properly to instruct the jury that Eugene's injuries must be causally related to the defendants' conduct and gave misleading special questions on this issue to the jury. We find no merit in these contentions. Not only were the judge's instructions and special questions on this issue adequate, but also the defendants did not properly preserve the issue on appeal by failing to raise these objections below. *Karen Constr. Co.* v. *Lizotte*, 396 Mass. 143, 148-149 (1985). Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). See also *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 852 (1983)(necessity of objecting to omission of an issue from a special jury question).

Although the parties have not argued that the grant of a new trial should be confined solely to the issue of damages, we conclude that the case should be retried on both liability and damages for two reasons. First, even though provocation is not a defense to an assault and battery, it is an issue which is not necessarily distinct from liability. Cf. *Fazio* v. *Brown*, 209 Conn. 450, 455-458 (1988)(when liability verdict includes a reduction of damages due to comparative negligence the issues of liability and damages are inextricably interwoven, requiring a new trial on all issues). See generally Annot., Separate Trial of Issues of Liability and Damages in Tort, 85 A.L.R.2d 9 (1962). Secondly, limiting a new trial to the issue of damages will not likely save the parties or the court any time or expense since proof of provocation will require presentation of the same evidence on the issue of assault and battery. See *Simmons* v. *Fish*, 210 Mass. 563, 568 (1912).

Similarly, while it is within our province to affirm the judgment as to Charlene's claim for loss of consortium, G. L. c. 231, § 119, we believe fairness requires a retrial of her claim, because we do not know to what extent the jury may have factored in the amount of the husband's award in determining Charlene's entitlement to damages. Cf. *Menard* v. *McCarthy*, 410 Mass. 125, 130 (1991). In addition, upon re-

trial, if the jury were to find for the defendants, we would be left with two inconsistent verdicts, which though not incorrect, would not have the semblance of justice.

Accordingly, we reverse the judgment and remand this case to the Superior Court for a new trial as to all issues and claims.

*So ordered.*