NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-1056                                        Appeals Court

    DeFELICE CORPORATION  vs.  DEPARTMENT OF PUBLIC UTILITIES.


                      No. 14-P-1056.

     Suffolk.    May 6, 2015. - October 19, 2015.

          Present:  Berry, Kafker, & Cohen, JJ.


Department of Public Utilities. "Dig Safe" Statute. Penalty.
    Administrative Law, Adjudicatory proceeding, Findings,
    Agency's interpretation of statute, Evidence, Substantial
    evidence. Evidence, Prima facie evidence.




     Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on June 18, 2013.

     The case was reported by Gants, J., and the appeal was
transferred by him to the Appeals Court.


     Ben N. Dunlap (Patrick E. McDonough with him) for the
plaintiff.
     Bryan F. Bertram, Assistant Attorney General, for the
defendant.


     COHEN, J.  On November 3, 2010, DeFelice Corporation

(DeFelice), a contractor engaged in removing and reinstalling

water mains, struck an underground natural gas service line

while excavating on Danny Road in the Hyde Park neighborhood of

Boston. The ensuing explosion and fire destroyed a single family home at 17 Danny Road, and badly damaged other nearby residences.[1]

The pipeline and engineering safety division (division) of the Department of Public Utilities (department) investigated DeFelice's operations on Danny Road, as well as its operations at a nearby site on Como Road. As a result of the division's investigation, it issued notices of probable violations (NOPVs) of the "dig safe" law, G. L. c. 82, §§ 40-40E,[2] and associated regulations, for each of the two sites. DeFelice contested the NOPVs and, after receiving adverse informal review decisions as to both matters, requested a formal adjudicatory hearing. The cases were consolidated, and a hearing was held before a three-member panel of department commissioners. In a thirty-nine page decision and order, the department found DeFelice responsible for four violations of the dig safe law and imposed the maximum statutory penalty allowed for each violation, resulting in a total fine of $31,000.

As to both the Como Road and Danny Road excavations, the department determined that DeFelice had violated G. L. c. 82,

---

[1] While the property damage was extensive, it does not appear that anyone sustained personal injuries.

[2] The Legislature rewrote the dig safe law in 1998. See St. 1998, c. 332. Unless otherwise noted, we refer to this version of the statute.

§ 40A, which requires an excavator to provide proper advance notice of its planned work to the telephone call center of Dig Safe System, Inc. (call center), an information clearinghouse and communications system statutorily required to be maintained by various utility companies.  See G. L. c. 164, § 76D. Specifically, the department found that DeFelice's notification to the call center failed to provide information needed to "accurately define the location" of the excavations as required by G. L. c. 82, § 40.  See G. L. c. 82, § 40A.  In addition, the department found that, at both sites, DeFelice had failed to use "reasonable precautions" while performing work in "close proximity" to existing underground utility facilities, as required by G. L. c. 82, § 40C.

Before us is DeFelice's appeal, pursuant to G. L. c. 25, § 5.[3]  DeFelice challenges the department's findings of dig safe law violations, but only with respect to the excavation on Danny Road.[4]  DeFelice also challenges the four separate penalties as cumulative.  For the following reasons, we affirm.

---

[3] In accordance with G. L. c. 25, § 5, DeFelice sought judicial review by filing a petition in the Supreme Judicial Court for the county of Suffolk.  Thereafter, the single justice transferred the appeal to this court.

[4] At the adjudicatory hearing, DeFelice did not contest the violations found by the division in connection with the excavation on Como Road; nor does DeFelice contest those findings on appeal.

Background.  1.  Regulatory scheme.  The dig safe law, G. L. c. 82, §§ 40-40E, and the regulations promulgated thereunder, 220 Code Mass. Regs. §§ 99.00-99.12 (2008), are designed to protect life and property by requiring excavators to comply with notification and safety procedures.  See generally Yukna v. Boston Gas Co., 1 Mass. App. Ct. 62, 66-67 (1973).  An excavator must "premark[]" the location of the intended work using white paint, stakes, or other suitable white markings. G. L. c. 82, § 40A.  See 220 Code Mass. Regs. § 99.02 (2008). The excavator then must notify the call center, "accurately" describing the excavation location, and indicating the date that excavation is expected to begin.  G. L. c. 82, § 40A.  220 Code Mass. Regs. § 99.04 (2008).  Except in the case of emergency, the excavator cannot proceed with the work until at least seventy-two hours after giving notice.  See G. L. c. 82, § 40A; 220 Code Mass. Regs. § 99.04 (2008).  During this seventy-two hour period, the call center notifies the utility companies that have underground facilities where the excavation is to occur. Using standard, color-coded markings, each such company must mark the location of any of its facilities within the excavator's premarking zone and an additional fifteen-foot safety zone.  See G. L. c. 82, § 40B; 220 Code Mass. Regs. § 99.05 (2008).

At the conclusion of the seventy-two hour period, the excavator may begin work, but must use "reasonable precautions" when in close proximity to an underground facility in order to avoid damaging it.  G. L. c. 82, § 40C.  220 Code Mass. Regs. § 99.06(1) (2008).  "[R]easonable precautions" include using "non-mechanical means" when excavating near an underground facility.  G. L. c. 82, § 40C.  See 220 Code Mass. Regs. § 99.06(1) (2008).  Violation of any provision of the dig safe statute or regulations is subject to a penalty of $1,000 for a first offense, and between $5,000 and $10,000 for any subsequent offense within twelve consecutive months.  See G. L. c. 82, § 40E; 220 Code Mass. Regs. § 99.12(1) (2008).

2.  Facts.  We summarize the essential facts established in the administrative record.  In 2010, DeFelice began work on a public works contract awarded to it by the Boston Water and Sewer Commission to replace and repair underground municipal water mains and sewer pipes in the Hyde Park, Roslindale, and West Roxbury neighborhoods of Boston.  Among other things, the project involved the "re-lay" of water mains on Reynold Road in Hyde Park, including the junctions where Reynold Road intersects with Danny Road and Como Road.

On October 1, 2010, DeFelice notified the call center of its planned excavation work, reporting that it had done its premarking and giving the following description of the

excavation location:  "Starting at and including the intersection with Como Road, continuing approximately 500 feet north on Reynold Road to and including the intersection with Chesterfield Street."  DeFelice also stated that the work would be from "street to property lines."  Based upon this notification, the call center issued a dig safe ticket to DeFelice and relayed the information to NSTAR Gas Company (NSTAR), which, at the time, was the owner of the underground natural gas facilities in that area.

DeFelice began working at the junction of Reynold Road and Como Road on or about October 22, 2010.  The department found that DeFelice excavated parts of Como Road that were sixty-five feet away from the intersection with Reynold Road and that, therefore, DeFelice had failed to provide the call center with an accurate description of the excavation location, in violation of G. L. c. 82, § 40A.  The department also found that DeFelice had used a jackhammer on Como Road in close proximity to unidentified underground gas facilities and, therefore, DeFelice had failed to use reasonable precautions in performing the excavation, in violation of G. L. c. 82, § 40C.

DeFelice began working at the junction of Reynold Road and Danny Road on November 3, 2010.  This excavation was for a connection to a water main drain pipe starting at the corner of Reynold Road and Danny Road, and continuing down Danny Road.

While excavating on Danny Road seventeen feet beyond the property line running along the east side of Reynold Road, the work crew's backhoe machine struck and punctured a one-inch steel gas pipeline that serviced the home at 17 Danny Road. Gas entered the home and ignited, causing the explosion. At the time of the excavation, there were a few NSTAR markings on Danny Road beyond the immediate intersection with Reynold Road; however, the service pipeline to 17 Danny Road was not marked.

Prior to the Danny Road gas explosion, DeFelice had encountered gas utility pipelines buried beneath Reynold Road that either had not been marked or had been improperly marked by NSTAR. This had led DeFelice personnel in the field to make an oral request of an NSTAR employee to remark the gas facilities in the vicinity of Reynold and Danny Roads. Also, on November 2, 2010, DeFelice's general manager, Robert Savage, had telephoned the call center, requesting that NSTAR again mark the areas to be excavated. Savage asked that the remarking include "all intersections," but did not mention Danny Road by name. In addition, Savage confirmed with the call center operator that the excavation location would remain "street to property line"; Savage did not inform the call center that the excavation would extend from any intersection beyond the Reynold Road property line.

The department found that DeFelice had failed to provide proper notification to the call center, as required by G. L. c. 82, § 40A. Accordingly, the department also found that DeFelice became subject to the final sentence in G. L. c. 82, § 40C, which provides that excavating without first giving proper notice constitutes prima facie evidence that any resulting damage was caused by the excavator's negligence.[5] The department's findings also rested on DeFelice's use of a mechanical excavator at the time it encountered the gas pipeline, thus implicating that portion of § 40C requiring that "[w]hen excavating in close proximity to the underground facilities of any company when such facilities are to be exposed, non-mechanical means shall be employed, as necessary, to avoid damage in locating such facility."

Concluding that NSTAR's role, if any, in contributing to the explosion did not excuse DeFelice's noncompliance with the dig safe law, and that DeFelice had failed to refute the prima facie evidence of negligence arising from its notification

---

[5] The last sentence of G. L. c. 82, § 40C, provides in full:

"The making of an excavation without providing the notice required by section 40A with respect to any proposed excavation which results in any damage to a pipe, main, wire or conduit, or its protective coating, shall be prima facie evidence in any legal or administrative proceeding that such damage was caused by the negligence of such person."

violation, the department found DeFelice in violation of both § 40A and § 40C.

Discussion. 1. Standard of review. DeFelice's appeal is pursuant to G. L. c. 25, § 5. The standard of review under that statute is "well settled . . . [and the] burden [on an appellant] is heavy. . . . [W]e give deference to the department's expertise and experience . . . [and] uphold [the department's] decision unless it is based on an error of law, unsupported by substantial evidence, unwarranted by facts found on the record as submitted, arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." Massachusetts Elec. Co. v. Department of Pub. Util., 469 Mass. 553, 558-559 (2014), quoting from Bay State Gas Co. v. Department of Pub. Util., 459 Mass. 807, 813-814 (2011).

2. Notification. Pursuant to G. L. c. 82, § 40A, an excavator is required to give initial notice setting forth a "description of the excavation location." As defined in G. L. c. 82, § 40, such description

"shall include the name of the city or town, street, way, or route number where appropriate, the name of the streets at the nearest intersection to the excavation, the number of the buildings closest to the excavation or any other description, including landmarks, utility pole numbers or other information which will accurately define the location of the excavation"[6] (emphasis supplied).

---

[6] The related regulation, 220 Code Mass. Regs. § 99.02 (2008), is identical to the text of G. L. c. 82, § 40, except that the regulation contains the phrase "and/or any other

A prior version of G. L. c. 82, § 40, as appearing in St. 1983, c. 353, required the excavator to describe the location of the excavation "reasonably accurate[ly]."  However, in 1998, the word "reasonably" was deleted.  See St. 1998, c. 332.  As a result of this deletion, excavators became legally required to identify excavation locations with precision.

DeFelice argues that its initial notice, combined with Savage's later confirmation that the excavation location would include "all intersections," sufficed to inform the call center of the location of the planned excavation on Danny Road.  The department was entitled to conclude otherwise.  In neither of its communications with the call center did DeFelice identify Danny Road by name or voice any intention to go beyond the property line running alongside Reynold Road as to any intersections.  Indeed, in the second communication, Savage reiterated that the excavation location was "street to property line."  The department's finding that DeFelice excavated on Danny Road in an area seventeen feet beyond the property line running alongside Reynold Road is supported by substantial evidence and forecloses any argument that the shorthand phrase "all intersections" sufficed as any "other information" that

---

description which will accurately define the excavation location" (emphasis supplied).  The addition of the conjunctive reinforces the need for a full and detailed description.

"accurately" described the excavation location.  G. L. c. 82,
§ 40.

DeFelice also points to the premarking that it made at the
intersection of Danny and Reynold Roads, consisting of painted
arrows pointing down Danny Road in both directions with
notations of "50'."  According to DeFelice, this indicated its
intention to excavate outside the intersection and resulted in
some markings by NSTAR, albeit ones that were incomplete.
However, the dig safe statute and regulations place two separate
requirements on an excavator -- premarking and providing an
accurate description to the call center.  Satisfying one
requirement does not excuse the failure to satisfy the other.
Similarly, DeFelice's oral request to an NSTAR employee did not
relieve it of its statutory duty to provide the call center with
complete and accurate notice of the location of the excavation.
It is a fundamental dictate of the dig safe law that any and all
requests by an excavator for markings must be made through the
call center and not by informal requests in the field.[7]

3. Reasonable precautions.  The department found that
DeFelice failed to use reasonable precautions when it used a

---

[7] This has long been the position of the department, see J.
Derenzo Co., D.P.U. 94-DS-10, at 7 (1997), and the authorities
cited therein.  We accord substantial discretion to an agency
interpreting the statute it is charged with enforcing.  Alliance
to Protect Nantucket Sound, Inc. v. Energy Facilities Siting
Bd., 457 Mass. 663, 681 (2010).

mechanical excavator (a backhoe) near the gas line at 17 Danny Road, in violation of G. L. c. 82, § 40C.  DeFelice admits that it used a mechanical excavator, but claims that it relied on the fact that there were some NSTAR markings on Danny Road, but none in the vicinity of 17 Danny Road.  According to DeFelice, it did not know that it was excavating in close proximity to a facility and, hence, its use of a mechanical excavator was reasonable. DeFelice fails to take into account the provision in G. L. c. 82, § 40C, that the "making of an excavation" without proper notice constitutes prima facie evidence that any resulting damage was caused by the excavator's negligence.  See note 5, supra.  Because DeFelice failed to give notice that it would be excavating farther down Danny Road than just "street to property line" at the intersection with Reynold Road, and admittedly damaged the natural gas service line at 17 Danny Road, there was prima facie evidence of DeFelice's negligence.

The department was well entitled to conclude in its discretion that DeFelice's reliance on NSTAR's markings did not refute the prima facie evidence against DeFelice.  DeFelice could not assume that markings made outside the dig safe system were complete and accurate, and acted at its peril in proceeding to work in an unmarked area using mechanical means of

excavation.[8]  In these circumstances, the department rationally
could conclude that DeFelice was in violation of the dig safe
law by failing to take reasonable precautions in excavating on
Danny Road.

4.  <u>Fines</u>.  The Legislature has authorized the department
to impose a civil fine against any "person or company" found,
after a hearing, "to have violated <u>any</u> provision" of the dig
safe law (emphasis supplied).  G. L. c. 82, § 40E.  For a
"first" offense, the offender shall be fined $1,000, and for
"any subsequent" violation within twelve months, the offender
shall be fined "not less than $5,000 nor more than $10,000."
G. L. 82, § 40E, as amended by St. 2004, c. 149, §§ 133, 134.

DeFelice takes the position that all violations stemming
from its October 1, 2010, notification should be viewed as a
single offense, subject to a single fine.  However, pursuant to
the plain language of § 40A, a violation of that section arises
when the excavator "make[s] an excavation" without complying
with notice requirements.  See G. L. c. 82, § 40A ("No excavator
. . . shall, except in an emergency, make an excavation . . .
unless . . . such excavator has . . . given an initial notice to

---

[8] There was no requirement that NSTAR mark the area at
issue.  As explained in the department's decision, in order to
ensure the effectiveness of the dig safe system, the department
takes the position that utility representatives should not mark
sites without proper notice.

the system").  In other words, the failure to give accurate notice ripens into a violation when the excavation begins.[9]  A subsequent violation of G. L. c. 82, § 40C (e.g., by using mechanical means to excavate in proximity to natural gas facilities), will then subject the violator to an additional fine.

Here, there is substantial evidence to support the department's finding that four separate, consecutive violations occurred.  DeFelice undertook excavation outside of the area described to the call center in two different locations, on two separate dates.  Thereafter, DeFelice failed to take reasonable precautions at each site -- using a jackhammer (at Como Road) and a backhoe (at Danny Road) in close proximity to natural gas facilities.

A court will not disturb the sound exercise of discretion by an agency of the Commonwealth duly authorized to impose a civil penalty or fine except in the most "extraordinary of circumstances."  Levy v. Board of Registration & Discipline in Med., 378 Mass. 519, 529 (1979).  This case is not extraordinary or exceptional.  The department correctly ruled that each

---

[9] DeFelice's reading of the statute would lead to nonsensical results.  The excavator would be unable to cure an improper notification and could become subject to a fine even if digging never took place; or the excavator could notify the call center of intended work at a single location, dig outside the location on multiple occasions, but still be subject only to a single fine.

offense committed by DeFelice was subject to a separate civil penalty under G. L. c. 82, § 40E.

> Decision and order of
>   Department of Public
>   Utilities affirmed.