On November 3, 2010, the plaintiffs' residence was destroyed by a natural gas explosion. After an administrative hearing, the Department of Public Utilities (DPU) concluded that the defendants, while performing excavation work with mechanical equipment nearby, violated multiple provisions of the Massachusetts dig safe statute, G. L. c. 82, §§ 40 - 40E, resulting in damage to the gas line that serviced the plaintiffs' residence. See DeFelice Corp. v. Department of Pub. Util., 88 Mass. App. Ct. 544 (2015) (affirming DPU's decision). Subsequently, the plaintiffs filed suit in the Superior Court alleging that by negligently damaging the gas line during excavation, the defendants caused the explosion that destroyed the residence. Specifically, the plaintiffs claimed negligence, trespass, nuisance, and a violation of G. L. c. 93A, § 2 (93A claim). Ultimately, the case was tried and the jury returned a verdict for the defendants on the common-law claims. The judge later dismissed the 93A claim for failure to timely serve a presuit demand letter.
On appeal, the plaintiffs claim the judge erred by (1) failing to properly instruct the jury regarding the prior DPU proceeding and causation, (2) excluding the unredacted DPU decision from evidence, and (3) dismissing the 93A claim. For the reasons that follow, we affirm the dismissal of the 93A claim, but vacate the judgment on the jury verdict and remand for a new trial on the plaintiffs' common-law claims-negligence, trespass, and nuisance.
Background. The factual background, the dig safe regulatory scheme, and the DPU's decision are clearly set forth in DeFelice Corp., supra., and we need not repeat them here. It is sufficient to say, in summary, that the DPU investigated the explosion, including the roles of the defendants and NSTAR (the utility provider). Following an evidentiary hearing, at which the defendants appeared and were represented by counsel, the DPU concluded that the defendants violated the dig safe statute. As pertinent here, the DPU concluded that (1) the defendants failed to properly inform the dig safe call center of the planned excavation, G. L. c. 82, § 40A ;[4] and (2) failed to take reasonable precautions to avoid damage to underground gas lines during excavation, G. L. c. 82, § 40C. These conclusions were based on subsidiary factual findings that (1) the defendants failed to sufficiently identify the area to be excavated by either telephone calls to the dig safe call center or markings on site, and (2) the defendants excavated with mechanical equipment despite visible markings indicating underground gas lines. See DeFelice Corp., supra at 549-551.
In this action, the plaintiffs sought summary judgment, arguing that the DPU decision conclusively established the defendants' negligence. The judge denied the motion, but ruled that the defendants were "collaterally estopped in this case from arguing that [they] did not violate the Dig Safe law." Following opening statements, the judge reiterated that "[a]ny issue that has been decided, either by the [DPU] or by this Court, is obviously law of the case." The next day, the judge again emphasized that the DPU decision "[e]stopped [the defendants] from arguing that they did not violate the Dig Safe laws."
The judge denied the plaintiffs' motion in limine to admit the entire DPU decision as an exhibit. However, she allowed the admission of a heavily redacted version, which included the conclusion that the defendants had violated the dig safe statute. The plaintiffs requested the following jury instruction regarding the import of the DPU decision:
"the DPU found that [the defendants were] negligent when [they] damaged the gas line that exploded and destroyed [p]laintiffs' home. Earlier in this case, the Court found that the DPU findings on [the defendants'] negligence could not be relitigated. Therefore, I instruct you that [the defendants have] already been found negligent in [their] damage to the gas line, and you need not further decide that issue."
The plaintiffs also requested an instruction that a "Dig Safe Laws [violation] is prima facie evidence that the damage was caused by the negligence of the person that committed the violation." See G. L. c. 82, § 40C. The judge denied both requests.
Discussion. 1. Jury instructions. "We review objections to jury instructions to determine if there was any error, and, if so, whether the error affected the substantial rights of the objecting party." Beverly v. Bass River Golf Mgmt., 92 Mass. App. Ct. 595, 603 (2018) (quotation omitted). We examine the instructions as a whole to determine whether they accurately reflect the applicable law. Ibid. Although the judge has "significant latitude" in fashioning the instructions, there is error where the jury are not instructed on an important issue raised by the trial evidence. Comeau v. Currier, 35 Mass. App. Ct. 109, 111-112 (1993).
We turn first to the plaintiffs' claim that the judge failed to properly instruct the jury regarding the legal effect of the prior DPU decision.[5] The judge unequivocally ruled in her summary judgment decision that the defendants were "collaterally estopped in this case from arguing that [they] did not violate the Dig Safe law." She repeated during trial that her decision on collateral estoppel was the law of the case. Despite these admonitions, the defendants challenged the DPU investigation and decision throughout the trial and forcefully argued to the jury that the defendants had "complied fully with the obligations of law under Dig Safe."
In this context, where the jury heard that the DPU had previously concluded that the defendants violated the dig safe statute, and the defendants, contrary to the judge's earlier ruling, argued the opposite, it was important to give the jury clear guidance regarding the legal meaning of the DPU decision. Here, the instructions failed to do so. The judge did not instruct on the dig safe statute, the result of the DPU proceeding, or the concept of collateral estoppel. The judge explained only that "a statutory violation may be considered as some evidence of negligence, but it is not conclusive evidence that there was a breach of the duty of care." This generic instruction, although an accurate statement of law, was inadequate in this case.
Once the judge ruled that collateral estoppel applied in these circumstances, see Bellerman v. Fitchburg Gas & Elec.Light Co., 470 Mass. 43, 60-62 (2014) (collateral estoppel properly applied to factual findings of DPU in administrative hearing), the jury should have been instructed that the defendants had violated the dig safe statute as determined by the DPU. The jury should also have been instructed that the statutory violation was prima facie evidence of the defendants' negligence regarding damage to the gas line. G. L. c. 82, § 40C, inserted by St. 1998, c. 332 ("[D]amage to a pipe" without first giving proper notice of excavation is "prima facie evidence in any legal ... proceeding that such damage was caused by the [excavator's] negligence"). The failure to so instruct was error.[6]
We next consider the potential impact of that error on the jury's deliberations. "An error in jury instructions is not grounds for setting aside a verdict unless the error was prejudicial-that is, unless the result might have differed absent the error." Blackstone v. Cashman, 448 Mass. 255, 270 (2007). Here, we agree with the plaintiffs that the defendants' failure to properly inform the dig safe call center of the planned excavation, and failure to take reasonable precautions to avoid damage to underground gas lines, matters previously decided by the DPU, were central issues in the case. The absence of instructions on these points fundamentally altered the scope of the jury's task, leaving them free to reconsider issues already settled as the law of the case. This error affected the substantial rights of the plaintiffs on their claims of negligence, trespass, and nuisance.[7]
2. Admissibility of the DPU decision. The plaintiffs moved in limine to admit the entire thirty-eight page DPU decision as an exhibit at trial along with a copy of this court's decision affirming the DPU in DeFelice Corp., 88 Mass. App. Ct. 544. The judge denied the motion, in part, allowing admission of a redacted version of the DPU decision consistent with the holding in Resendes v. Boston Edison Co., 38 Mass. App. Ct. 344, 353-355 (1995). The plaintiffs claim this limitation was error. We review for abuse of discretion. See Dahms v. Cognex Corp., 455 Mass. 190, 198 (2009) ("We do not disturb a judge's decision to admit evidence absent an abuse of discretion" [quotation omitted] ).
In Resendes, we affirmed the admission of a redacted DPU decision at trial. The redaction was such that the DPU decision contained only primary facts as opposed to evaluation and opinion. Resendes, supra. We are not persuaded by the plaintiffs' argument that this case is distinguishable. The judge acted within her discretion when she allowed the admission of the redacted DPU decision. To the extent that the plaintiffs challenge the scope of the redaction, the objection has been waived. Once the judge ruled that a redacted DPU decision would be admitted, the parties agreed on the scope of the redaction.
Finally, the plaintiffs offer no authority for the proposition that this court's decision affirming the DPU should have been admitted as an exhibit at trial. The judge did not abuse her discretion in denying the plaintiffs' motion in limine on that basis.
3. 93A claim. The complaint alleged that the defendants' conduct violated G. L. c. 93A because it was unfair, deceptive, and failed to comply with a public safety statute. The judge appropriately reserved the 93A claim for her own judgment rather than submit it to the jury. See Klairmont v. GainsboroRestaurant, Inc., 465 Mass. 165, 168-169 (2013). In a written decision, she dismissed the 93A claim for lack of jurisdiction, concluding that the plaintiffs failed to meet the statutory prerequisite for filing such a claim.
General Laws c. 93A, § 9, "requires a plaintiff to make a written demand letter asking for reasonable relief thirty days prior to filing a lawsuit." Lingis v. Waisbren, 75 Mass. App. Ct. 464, 468 (2009) (quotation omitted). Here, it is undisputed that the plaintiffs sent their demand letter and filed the complaint the same day. We discern no error in the judgment of dismissal, where the plaintiffs failed to meet their burden of establishing compliance with the statute. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 468. See also York v. Sullivan, 369 Mass. 157, 164 (1975) ("[T]he thirty-day requirement is a prerequisite" to suit).[8]
The judgment of dismissal on the G. L. c. 93A claim is affirmed.
The judgment on the jury verdict is vacated and the matter is remanded for further proceedings consistent with this memorandum and order.

NSTAR, as a utility provider, has a statutory obligation to mark gas lines only when an area has been properly identified for excavation. See G. L. c. 82, § 40B.

We are not persuaded by the defendants' argument that the plaintiffs waived their objections to the jury instructions by failing to object after the instructions were given. While a better practice would have been for the plaintiffs' counsel to renew their objections with specificity at the end of the judge's charge, we think the objections were adequately preserved. The plaintiffs clearly stated their objections and the grounds therefore at the charge conference, where the judge stated, "I will note your objection to those decisions for the record." See Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974); Rotkiewicz v. Sadowsky, 431 Mass. 748, 750-751 (2000). Thus, it is clear that the judge was on notice of the objection and the primary purpose of the rule was achieved.

We do not suggest that the judge should have given the plaintiffs' requested instruction on this point. That proposed instruction merged the concepts of negligence and the dig safe violation in a way that may have confused the jury. However, "[e]ven though the request was not strictly accurate ... , it was sufficient to direct the consideration of the judge to an important principle of law not adverted to in the charge, an omission which well may have resulted in harm to the [plaintiffs]." Petras v. Storm, 18 Mass. App. Ct. 330, 335-336 (1984), quoting from Bergeron v. Forest, 233 Mass. 392, 402 (1919).

Because we conclude that it was prejudicial error not to instruct the jury regarding the DPU decision and the dig safe statute, we need not address the claimed error in the judge's instruction on causation. We note, however, that in cases with evidence of multiple potential causes, the causation instruction using the term "substantial contributing factor" should be given. See Matsuyama v. Birnbaum, 452 Mass. 1, 30 (2008).

The defendants' request for "fees and costs associated with this appeal" is denied.